UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WILLIAM A. WILEY, | ) |
| | ) |
| Petitioner, | ) |
| vs. | ) Case No. 1:14-cv-1321-TWP-DML |
| | ) |
| SUPERINTENDENT ZATECKY, | ) |
| | ) |
| Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

This matter is before the Court on the Petition for a Writ of Habeas Corpus filed by William Wiley ("Wiley"). Wiley, an Indiana prisoner challenges a prison disciplinary proceeding in ISR 14-02-0077 in which he was found guilty of violating prison rules. For the reasons explained in this entry, Mr. Wiley's habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224

F.3d 649, 652 (7th Cir. 2000). A violation of state law will not support the issuance of a writ of habeas corpus. *Holman v. Gilmore*, 126 F.3d 876, 884 (7th Cir. 1997).

## II. The Disciplinary Proceeding

On February 18, 2014, Officer J. Turner wrote a Report of Conduct in case ISR 14-02-0077 charging Mr. Wiley with Class A offense #102, Assault/Battery with Bodily Fluids. The conduct report states:

> At approx. 8:05 p.m. I, ofc. J. Turner was escorting an offender from the shower back to his cell location. In the process, offender Wiley #149910 threw a liquid (urine) from his cell that struck both the offender I was escorting and myself. The urine was struck on my left arm and sleeve. As well as my face and vest. My uniform shirt placed in evidence locker 305.

On February 25, 2014, Mr. Wiley was notified of the charge of offense #102 and served with the conduct report and the notice of disciplinary hearing screening report. Mr. Wiley was notified of his rights and pled not guilty. He requested a lay advocate. He did not request any witnesses and requested as physical evidence "video," "all evid.," and "picture of officer's clothing."

On March 5, 2014, a hearing officer conducted a disciplinary hearing. At the hearing, Mr. Wiley stated "I didn't do it but I couldn't tell them who did it. I told them I didn't have nothing against them." The hearing officer found Mr. Wiley guilty of Class A offense #102, Assault with Bodily Fluids. Based on the hearing officer's recommendations, the following sanctions were approved: a written reprimand, one (1) year of disciplinary segregation, a three-hundred and sixty-five (365) day deprivation of earned credit time, and a demotion from credit class 1 to credit class 3. The hearing officer imposed the sanctions because of the seriousness, frequency, and nature of the offense, and the degree to which the violation disrupted and endangered the security of the facility.

Mr. Wiley's appeals through the administrative process were denied. He now seeks relief pursuant to 28 U.S.C. § 2254, arguing that his due process rights were violated.

### III.  Analysis

Mr. Wiley's claims for habeas relief are that: 1) the Report of Disciplinary Hearing was falsified; 2) the hearing officer lied because the video does not show an assault; 3) he did not receive due process because there is no proof that the fluid was a bodily fluid; and 4) the hearing officer was not an impartial decision maker.

Mr. Wiley first argues that the hearing officer's decision was falsified because it stated that the officer relied on staff reports, the statement of offender, evidence from witnesses, and physical evidence, which he contends did not exist. This claim is meritless because the hearing officer considered the conduct report ("staff reports"), the statement of offender (Mr. Wiley's statement is noted on the conduct report), and Sgt. Arnold's statement asserting that he saw liquid which smelled like urine come out of cell 12-1C that hit the escorted offender and the escorting officer ("evidence from witnesses"). There is no indication that the disciplinary hearing report was falsified.

Mr. Wiley's second and third claims challenge the sufficiency of the evidence. He argues that the video did not show an assault and there was no proof that the liquid was a bodily fluid. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "In reviewing a decision for 'some evidence,' courts are not required

to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence….." *Id.* (internal quotation omitted). Here, the conduct report describing the incident and the witness statement corroborating the incident and stating that the liquid smelled like urine were sufficient to support the conviction of assault with bodily fluids.

Mr. Wiley's final claim is that the hearing officer was not impartial because she talked to internal affairs. Inmates are entitled to an impartial decision-maker. A prison official who is "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof," may not adjudicate those charges. *Piggie v. Cotton,* 342 F.3d 660, 667 (7th Cir. 2003). "Adjudicators are entitled to a presumption of honesty and integrity." *Id.* at 666. "[T]he constitutional standard for impermissible bias is high." *Id.* Mr. Wiley does not assert that the hearing officer had any disqualifying personal involvement in or knowledge of the circumstances involved in the conduct report. There is no evidence of bias in the proceedings.

Mr. Wiley was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Wiley's due process rights.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Wiley's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 9/30/2015

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William A. Wiley
DOC #149910
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 W. Reformatory Rd.
Pendleton, IN 46064

Electronically registered counsel